*Please Return to Cashiers*
*Note: Int Bearing Account*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 4010**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

THE BISYS GROUP, INC.,

    Defendant.

**JUDGE KARAS**
Civ. _____ ( )

FINAL JUDGMENT
ON CONSENT
AGAINST DEFENDANT
THE BISYS GROUP, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant The

BISYS Group, Inc. ("BISYS") having entered a general appearance; consented to the Court's

jurisdiction over BISYS and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment,

    **NOW THEREFORE:**

**I.**

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that BISYS and its

officers, agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15

U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17

C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by, directly or indirectly:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/07

(a)     failing to file with the Commission in accordance with the rules and regulations prescribed by the Commission, such information and documents as the Commission has prescribed;

(b)     filing with the Commission information and documents, including the amendments thereto, which contain false and materially misleading statements or omissions of material fact; or

(c)     failing to file such further material information as is necessary to make the required statements made therein, in light of the circumstances in which they were made, not misleading.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that BISYS and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m (b)(2)(B)] by, directly or indirectly, failing to:

(a)     make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)     devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary to permit preparation of financial statements in conformity with

2

generally accepted accounting principles or any other criteria applicable to such

statements, and to maintain accountability for assets; (3) access to assets is

permitted only in accordance with management's general or specific

authorization; and (4) the recorded accountability for assets is compared with the

existing assets at reasonable intervals and appropriate action is taken with respect

to any differences.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that BISYS is liable for

disgorgement of $19,690,994.88, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $5,449,607.53, for a

total of $25,140,602.41. BISYS shall satisfy this obligation by paying $25,140,602.41 within ten

business days to the Clerk of this Court, together with a cover letter identifying BISYS as a

defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment. BISYS shall

simultaneously transmit photocopies of such payment and letter to the Commission's counsel in

this action. By making this payment, BISYS relinquishes all legal and equitable right, title, and

interest in such funds, and no part of the funds shall be returned to BISYS. The Clerk shall

 deposit the funds into an interest bearing account with the Court Registry Investment System

("CRIS"). These funds, together with any interest and income earned thereon (collectively, the

"Fund"), shall be held by the CRIS until further order of the Court. In accordance with

28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the

United States Courts, the Clerk is directed, without further order of this Court, to deduct from the

3

income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. BISYS shall pay the expenses and fees, if any, of the distribution.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent of BISYS is incorporated herein with the same force and effect as if fully set forth herein, and that BISYS shall comply in all respects with the terms of the Consent.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

4

## CONSENT OF DEFENDANT
## THE BISYS GROUP, INC.

1.     Defendant, The BISYS Group, Inc. ("BISYS"), waives service of the Summons and Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which BISYS admits), BISYS hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a)     permanently restrains and enjoins BISYS from violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] promulgated thereunder; and

> (b)     orders BISYS to pay disgorgement in the amount of $19,690,994.88 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,449,607.53, for a total of $25,140,602.41, and to pay the expenses and fees, if any, of the distribution of those funds.

3.     BISYS waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5

4.      BISYS waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      BISYS enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce BISYS to enter into this Consent.

6.      BISYS agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      BISYS will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      BISYS waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to BISYS of its terms and conditions. BISYS further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that BISYS has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against BISYS in this civil proceeding. BISYS acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. BISYS waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. BISYS further acknowledges that the Court's entry of a

6

permanent injunction may have collateral consequences under federal or state law and the rules

and regulations of self-regulatory organizations, licensing boards, and other regulatory

organizations. Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of,

a self-regulatory organization. This statutory disqualification has consequences that are separate

from any sanction imposed in an administrative proceeding. In addition, in any disciplinary

proceeding before the Commission based on the entry of the injunction in this action, BISYS

understands that it shall not be permitted to contest the factual allegations of the complaint in

this action.

10.     BISYS understands and agrees to comply with the Commission's policy "not to

permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, BISYS agrees: (i) not to take any action or to make or permit to be

made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, BISYS hereby withdraws any papers filed in this action to the extent that they deny

any allegation in the complaint. If BISYS breaches this agreement, the Commission may

petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects BISYS's: (i) testimonial obligations; or (ii) right to take legal

or factual positions in litigation or other legal proceedings in which the Commission is not a

party.

11.     BISYS hereby waives any rights under the Equal Access to Justice Act, the Small

Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek

7

from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by BISYS to defend against this action. For these purposes, BISYS agrees that BISYS is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, BISYS (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints BISYS's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; and (v) consents to personal jurisdiction over BISYS in any United States District Court for purposes of enforcing any such subpoena.

13.    BISYS agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

8

14.    BISYS agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

The BISYS Group, Inc.

Dated: _Dccember 7_____, 2006          By: _____
                                              Robert J. Casale
                                              Interim President and
                                              Chief Executive Officer
                                              The BISYS Group, Inc.
                                              105 Eisenhower Parkway
                                              Roseland, NJ 07068

On _Dccember 7_____, 2006, Robert J. Casale, a person known to me, personally

appeared before me and acknowledged executing the foregoing Consent with full authority to do

so on behalf of The BISYS Group, Inc. as its Interim President and Chief Executive Officer.

_____
Notary Public
Commission expires:    August 29, 2010

Approved as to form:

_____
Charles F. Walker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
Tel. (202) 371-7862
Attorney for Defendant The BISYS Group, Inc.

MERVIN E. HORST
Notary Public, State of New York
No. 31-5032586
Qualified in New York County
Commission expires August 29, 20 10

9

**SO ORDERED:**

Dated: July 18 , 2007

_____ NY _____ , New York

UNITED STATES DISTRICT JUDGE

10

RESOLUTION

OF

THE BISYS GROUP, INC.


I, Steven J. Kyono, Executive Vice President, General Counsel and Secretary, The BISYS Group, Inc., hereby certify that the following resolution was duly enacted at a meeting of the Board of Directors of The BISYS Group, Inc. held on November 1, 2006.


RESOLVED, that the terms reported to the Board of the proposed settlement of the investigation by the SEC into the Corporation's financial restatements be, and they hereby are, approved, and that the Corporation be, and it hereby is, authorized to enter into such settlement substantially in accordance with such terms; and it was further


RESOLVED, that the Interim President and Chief Executive Officer or any Executive Vice President of the Corporation be, and each of them hereby is, authorized to negotiate and approve and cause the Corporation to enter into a Consent to Final Judgment on Consent Against Defendant The BISYS Group, Inc. for submission to the United States District Court, Southern District of New York, in a civil action to be filed entitled, "Securities and Exchange Commission v. The BISYS Group, Inc., et. al.", substantially in accordance with the terms reported to the Board, with such additional or modified terms as such officers shall deem necessary and appropriate, the execution of such Consent and other documents contemplated thereunder to evidence conclusively the authorization thereof by the Board of Directors; and it was further

RESOLVED, that the Interim President and Chief Executive Officer, any Executive Vice President or Secretary of the Corporation be, and each of them hereby is, authorized and empowered to take all such further action and to execute and deliver all such further instruments, agreements and documents, in the name and on behalf of the Corporation and under corporate seal or otherwise, and to pay all such costs and expenses that shall be necessary or appropriate, including the payment of all amounts of such settlement, and to perform all such further acts as they, in their sole discretion, shall deem necessary or appropriate in order to carry out the intents and purposes of the foregoing resolution, the execution and delivery of such instruments, agreements and documents, the payment of such costs and expenses and the performance of such acts to be conclusive evidence of the authorization thereof by the Board of Directors.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and is still in full force and effect.

The BISYS Group, Inc.

Dated: _December 7_, 2006        By: _____

Steven J. Kyono
Executive Vice President, General Counsel
  and Secretary
The BISYS Group, Inc.
105 Eisenhower Parkway
Roseland, NJ  07068